J-A24014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE MATTER OF ESTATE OF SARAH P. DELIBERTY, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: PAMELA D'ALESSANDRO | No. 2636 EDA 2014 |

Appeal from the Order Entered August 11, 2014
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s): 608-2009

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED NOVEMBER 13, 2015**

Appellant, Pamela D'Alessandro,[1] appeals from the order entered in the Delaware County Orphans' Court confirming administrative costs and fees to the court-appointed administrator of the estate of Sarah P. DeLiberty, William A. Pietrangelo, Esquire. D'Alessandro argues that Attorney Pietrangelo's failure to pursue a debt owed to the estate, as well as failing to treat beneficiaries equitably during preliminary distribution, render the award of costs and fees an abuse of discretion. We conclude that the

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Formerly Palma D'Alessandro, and is referenced as such in many filings in the certified record.

orphans' courts findings are well supported by the record and its order does not constitute an abuse of discretion. We therefore affirm.

Sarah P. DeLiberty died on May 8, 2006. Under her Will, Peter DeLiberty, Pamela D'Alessandro, and Mario DeLiberty were appointed as co-executors of Sarah's estate. Although there was clearly hostility between them during this time, they administered the estate jointly until Peter's death in June, 2008. In 2009, Mario DeLiberty approved advance distributions of $100,000 to himself and to Peter's widow, Stephanie DeLiberty.

In 2010, the conflict between Mario and Pamela came to a head over Mario's desire to collect a debt owed to the estate by Pamela's son, Stephen D'Alessandro. Mario filed a petition to remove Pamela as a co-executor, alleging that Pamela was failing to perform her fiduciary duty by refusing to pursue this debt. Pamela filed an answer asserting that there was no evidence of the debt, and that her refusal to pursue the debt was therefore reasonable.

After a hearing on the petition, the orphans' court entered an order removing both Pamela and Mario as co-executors. In their stead, the orphans' court appointed Attorney Pietrangelo as Administrator CTA of the estate. Attorney Pietrangelo proceeded to collect the debt from Stephen, ultimately obtaining a judgment against Stephen in the amount of $153,963.29.

Mario subsequently filed an account of his actions as co-executor of the estate, which included acknowledgement of the advance distributions to himself and Stephanie. This accounting was approved by the orphans' court as Mario's final accounting as co-executor of the estate.

Approximately 2 years later, in 2013, Attorney Pietrangelo filed a petition for administrative costs and fees. Attorney Pietrangelo filed a supplemental petition for fees and costs in 2014, and on August 12, 2014, the orphans' court entered an order awarding Attorney Pietrangelo $59,983.19 in fees and costs. This timely appeal followed.[2]

On appeal, Pamela does not challenge the reasonableness or appropriateness of any of the listed fees claimed by Attorney Pietrangelo. Rather, Pamela asserts that since Attorney Pietrangelo has (a) failed to collect an alleged debt owed to the estate by Peter and (b) refused to provide her with an advance distribution of $100,000 from the estate, he has violated his fiduciary duty and should not receive payment at all. Therefore, for purposes of this appeal, we need not assess the reasonableness or appropriateness of the fees claimed, but rather only whether Attorney Pietrangelo has breached his fiduciary duty.

Our standard of review is as follows:

_____

[2] We conclude that Pamela correctly invokes our jurisdiction under Pa.R.A.P. 342(a)(1), as Attorney Pietrangelo's petitions constituted partial accountings of the estate. **See** Rule 342, *Note*.

- 3 -

The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support.

The rule is particularly applicable to the findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence. However, we are not limited when we review the legal conclusions that [an] Orphans' Court has derived from those facts.

*In re Wilton*, 921 A.2d 509, 513 (Pa. Super. 2007) (brackets in original; citation omitted).

As noted above, Pamela does not challenge the reasonableness of any of the fees claimed by Attorney Pietrangelo; rather, she asserts breaches of fiduciary duty. However, Pamela did not file a petition seeking to remove Attorney Pietrangelo as administrator. Instead, she raised these issues in an answer to Attorney Pietrangelo's request for payment of costs and fees.

As a purely technical matter, neither of the arguments presented by Pamela on appeal constitute grounds for disallowing the fees and costs claimed by Attorney Pietrangelo. If established, they are grounds for removing Attorney Pietrangelo as administrator, and then possibly, at least

with respect to the first argument,[3] a basis for surcharging Attorney Pietrangelo due to the breach of fiduciary duty. As Pamela did not request either the orphans' court or this court to (a) remove Attorney Pietrangelo as administrator, or (b) surcharge Attorney Pietrangelo, we can divine no reason to reverse the orphans' court's order approving the petition filed by Attorney Pietrangelo.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

---

[3] Pamela's first argument, that Attorney Pietrangelo failed to pursue and collect an alleged asset of the estate, would justify a surcharge against Attorney Pietrangelo if established. With respect to Pamela's second argument, that Attorney Pietrangelo has refused an advance distribution to her commensurate with the advance distributions given to Peter and Mario before Attorney Pietrangelo's involvement, we conclude that this would not justify a surcharge even if established.